US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 2 6 2012

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CYNTHIA ELAINE DECKER,                    )
                                          )
        PLAINTIFF                         )
                                          )
V.                                        )        CIVIL No. 12-5217
                                          )
KEITH LINDLEY, ADAM HOWARD                )        JURY TRIAL DEMANDED
and JAMES ALLEN,                          )
                                          )
        DEFENDANTS                        )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ACT

Comes now the Plaintiff and for her Complaint states and alleges as follows:

### PARTIES

1. For all times related to the facts of this Complaint, including the date that it is filed in the U.S. District Court, the Plaintiff is an adult resident of Benton County, Arkansas.

2. The Defendants, for all times related to the facts alleged in this Complaint, were police officers for the Bentonville, Arkansas, Police Department. All actions or omissions taken by the Defendants were while they were on active duty as police officers for the City of Bentonville, Arkansas. Defendant James Allen was the Chief of Police for the City of Bentonville. He was the chief policymaker for the city as to all law enforcement activities.

3. The Defendants Lindley and Howard are sued in their individual capacity only. Defendant Allen is sued in both his individual and official capacity.

### JURISDICTION & VENUE

4. This action arises under Title 42 U.S.C. Secs. 1983 and 1988.   The Plaintiff seeks

1

money damages for violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.   Jurisdiction of this action seeking money damages is by reason of Title 42 U.S.C. Sec. 1983 and Title 28 U.S.C. Secs. 1331 and 1343.   Venue is in the Western District of Arkansas by reason of Title 28 U.S.C. Sec. 1391, as the Defendants reside in the Western District of Arkansas, and the acts complained of occurred in the Western District of Arkansas.

## FACTS

5. On or about October 4, 2009, the Plaintiff's son Xavier E. Decker was arrested by Defendants Lindley and Howard for a drug violation and battery on the officers. At the time of the arrest, Xavier E. Decker had his mother's vehicle in his possession. The Defendants seized the vehicle at the time of the arrest.

6. On or about October 6, 2009, the Plaintiff, as sole lawful owner of the vehicle, a 1998 Toyota Tacoma pickup truck with VIN#4TAWM72N2WZ014272, called Defendant Lindley in an effort to get her truck returned. Defendant Lindley informed her that she did not have the right to get the truck back because it did not belong to her anymore. He further stated that if there was a lien on the vehicle she might get it back, but if not, she would not get the vehicle returned. Defendant Lindley said he would get back with her. It now has been almost 3 years and he has not gotten back with her about the disposition of the vehicle.

7. The Defendants knew that the Plaintiff did not have any knowledge of her vehicle being used in any illegal drug activity.

8. The criminal case against Xavier E. Decker was disposed of in the Benton County Circuit Court in January 2011. Mr. Decker pled guilty to felony battery on the Defendants and a felony drug charge. He was placed on probation for 3 years under Act 346 of 1975.

9. No forfeiture action was ever filed by the Defendants, the Bentonville Police Department, or the prosecution.

10. The Defendants had the seized vehicle taken to the Bentonville Towing Company's impound lot for storage.

11. Plaintiff tried on numerous occasions to get the vehicle returned by contacting the Bentonville Towing Company. The towing company said that they could not return the vehicle to the Plaintiff because the Bentonville police had a "hold" placed on the vehicle.

12. During the period of time that the vehicle was impounded, it accrued a large daily fee from the towing company for the towing and storage fee.

13. Since the towing company would not release the vehicle to the Plaintiff, and the storage fees accrued to such a large amount, the towing company eventually sold the vehicle to pay the accumulated fees. The Plaintiff did not have the money to pay the fees even if the police lifted the "hold."

14. The Defendants initially indicated to the Plaintiff that they planned on seeking forfeiture of the vehicle and then apparently abandoned that plan. The Defendants are the ones who had the "hold" placed on the vehicle.

15. It is believed that the Defendants did not have any serious plan to have the vehicle forfeited under Arkansas law. They just had the "hold" placed on the vehicle so that it would run up the storage fees to the point that the fees would be in excess of the worth of the vehicle. This procedure was an end-run around the Arkansas forfeiture statute.

16. The reason for the Defendants' actions was simply retaliation for being battered by Xavier E. Decker. When the Defendants tried to arrest him, a pretty serious fist-fight broke out between Mr. Decker, his juvenile co-defendant, and the two police officers. The officers were

embarrassed by the fact that the teenagers gave them such a good fight and the officers got punched in the face numerous times. The teenagers bragged about fighting the officers, which made the officers mad, and they retaliated by causing Ms. Decker to lose her vehicle. The vehicle was worth thousands of dollars at the time of the seizure. This was not negligent conduct on the part of the Defendants; this was willful malicious conduct in the purest form of retaliation and ill will.

17. Separate Defendant, Chief of Police James Allen, did not have sufficient regulations in place to prevent the other Defendants from violating the constitutional rights of the Plaintiff. The Chief of Police, acting on behalf of the City of Bentonville, Arkansas, failed to take the necessary steps to have specific guidelines for the police officers to follow in the case of a vehicle initially seized for forfeiture, but where no forfeiture action was attempted or completed.

18. What happened to the Plaintiff in this case was standard operating procedure in the Bentonville Police Department. Basically, the individual officers did whatever they wanted to do under like circumstances, and this unconstitutional conduct was well known by all the employees in the police department. This unlawful conduct was openly condoned by Chief of Police James Allen because he did nothing to constrain the police officer's conduct in forfeiture type cases.

19. The City of Bentonville had no procedure in place for a person to contest the legality of the seizure or forfeiture of their motor vehicle. There was no meaningful opportunity for any hearing of any type that comports with the requirements of "due process of law." All of the Defendants violated the requirement that there must be some type of post-seizure hearing to determine the lawfulness of the seizure and or forfeiture of a person's motor vehicle.

## FEDERAL CAUSE OF ACTION

4

20. All of the injuries to the Plaintiff were done under color of law as defined by Title 42 U.S.C. Secs. 1983 and 1988. At all times related to this Complaint, the Defendants acted under the color of laws, statutes, ordinances, regulations, policies, customs and usage of the State of Arkansas and the City of Bentonville, Arkansas.

21. The Defendants acted intentionally, deliberately, and with deliberate indifference in violating the Plaintiff's Fourth and Fourteenth Amendment rights. This violation is actionable under 42 U.S.C. Secs. 1983 and 1988. The Defendants unlawfully detained the Plaintiff's vehicle without lawful authority and caused her vehicle to be disposed of without "due process of law." The Plaintiff was denied her right to a post-seizure hearing, (ie., probable cause type hearing, etc.) to determine the lawfulness of the initial seizure of her vehicle, the continued detention of her vehicle, and the proper disposition of her vehicle.

## DEMAND FOR JUDGMENT

22. As a direct result of the Defendants' unlawful conduct, the Plaintiff has been denied her rights not to have her property unlawfully seized, detained, and disposed of without "due process of law" under the Fourth and Fourteenth Amendments to the United States Constitution.

23. The Plaintiff demands a jury trial.

THEREFORE, the Plaintiff demands judgment from the Defendants and seeks the following relief:

A. Compensatory damages;

B. Punitive damages;

C. Costs of this action;

D. Reasonable attorney's fees;

E. Any further relief that she may show herself to be entitled.

CYNTHIA E. DECKER,
PLAINTIFF

BY:

Doug Norwood, Ark Bar No. 87-097
Norwood & Norwood, P.A.
2001 South Dixieland Road
P.O. Box 1960
Rogers, Arkansas    72757
(479) 636-1262
(479) 636-7595   FAX

6